

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00558-CV

_____

KALYN PETERSON, INDIVIDUALLY AND AS HEIR TO JACOB PETERSON,
Appellant

V.

D&S RESIDENTIAL SERVICES, LP, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-1557-431

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

After receiving a notice of appeal from Appellant Kalyn Peterson, individually and as heir to Jacob Peterson, we sent a letter dated November 3, 2025, explaining our concerns with her attempted appeal of two orders:

> The court has received a copy of the notice of appeal in this case in which [A]ppellant states she is appealing from the trial court's two orders dismissing [A]ppellant's claims against D&S Residential Services, LP. *See* Tex. R. App. P. 25.1(e). It appears that . . . [A]ppellant's claims against D&S Residential Management GP, LLC remain pending in the trial court.
>
> The court is concerned it may not have jurisdiction over an appeal from the trial court's order granting Defendant D&S Residential Services, LP's Rule 91a Motion to Dismiss signed August 28, 2025, because it does not appear to be a final judgment or an appealable interlocutory order.
>
> The court is also concerned that it may not have jurisdiction over an appeal from the trial court's order granting Defendant D&S Residential Service[s,] LP's Objections to Plaintiff's Amended Chapter 74 Expert Report of Jamecia L. Finnie, M.D. and Motion to Dismiss for Failure to Serve a Compliant Expert Report because the notice of appeal was not timely filed. Tex. R. App. P. 26.1. The trial court's order was signed August 27, 2025. Appellant's motion for new trial did not extend the deadline to file a notice of appeal from this order, *see* Tex. R. App. P. 28.1(b), so the notice of appeal was due September 16, 2025, but was not filed until October 20, 2025.

We further stated that unless Appellant or any party desiring to continue the appeal filed with this court, on or before November 13, 2025, a response showing grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a), 44.3.

Appellant filed a response agreeing that we do not have jurisdiction over an appeal of claims pursuant to Chapter 74 of the Civil Practice and Remedies Code against D&S Residential Services, LP and stating that she has "formally abandon[ed] any attempt to appeal or otherwise resurrect this matter." As to the attempted appeal from the Rule 91a dismissal, Appellant's response stated that "the most expeditious way to cure this problem is to seek a severance of the Trial Court's final Order on the Rule 91a Motion in that court" and that she would "advise the Court of Appeals accordingly." [Italics removed.] According to the trial court's online docket as of December 2, 2025, Appellant has not moved for a severance.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* Tex. R. App. P. 25.1. In an accelerated appeal,[1] a notice of appeal must be filed within twenty days after the judgment or order is signed. *See* Tex. R. App. P. 26.1(b), 28.1 (stating that appeals from interlocutory orders, when allowed by statute, are accelerated and that filing a motion for new trial, post-trial motion, or request for findings of fact "will not extend the time to perfect an accelerated appeal"). Appellant's response (1) acknowledges that her attempted appeal from the Chapter 74 order was not timely and (2) states that she has abandoned her appeal of that order.

---

[1]Texas Civil Practice and Remedies Code Section 51.014(a)(10) authorizes an accelerated interlocutory appeal from a trial court's order under Section 74.351(*l*) granting a motion challenging the adequacy of an expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(10).

Additionally, we have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). A non-final order granting a motion to dismiss under Texas Rule of Civil Procedure 91a has not been specifically designated as an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *see also DRC Constr. v. Pickle*, No. 01-20-00576-CV, 2022 WL 479918, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (per curiam) (mem. op.) (dismissing appeal of order granting Rule 91a motion, noting there is "[n]o statutory or other authority [that] allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims"). Accordingly, we can exercise jurisdiction over Appellant's appeal from the Rule 91a order only if the trial court's August 28, 2025 order amounts to a final judgment. Appellant agreed in her response that it does not.

Because Appellant's notice of appeal from the Chapter 74 order was not timely filed and because the Rule 91a order is not a final judgment or an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Arthur P. Holdings, L.P. v. Blackburne & Brown Mortg. Fund I*, No. 01-25-00500-CV, 2025 WL 3083348, at *2 (Tex. App.—Houston [1st Dist.] Oct. 28, 2025, no pet. h.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction because Rule 91a order was not a final judgment or an appealable interlocutory order); *Jaffer v.*

*Slaughter*, No. 14-16-01006-CV, 2017 WL 124526, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 12, 2017, no pet.) (per curiam) (mem. op.) (dismissing attempted appeal from an order denying appellant's motion to dismiss appellee's claim as a health-care-liability claim under Chapter 74 of the Civil Practice and Remedies Code because the notice of appeal was not timely filed).

Per Curiam

Delivered: December 4, 2025